# IN THE UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ALABAMA
# BIRMINGHAM DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No. 20-01740-DSC7 |
| | ) | |
| CLINT AUSTIN LOVETTE, | ) | Chapter 7 |
| | ) | |
| | ) | |
| Debtor. | ) | Judge D. Sims Crawford |

## M&T BANK'S MOTION FOR RELIEF FROM STAY OR ALTERNATIVELY, FOR ADEQUATE PROTECTION

COMES NOW M&T Bank ("M&T"), a creditor, and for its Motion for Relief From Stay against Debtor Clint Austin Lovette ("Debtor"), states as follows:

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. On May 13, 2020, Debtor filed a Petition for Relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Alabama.

3. Debtor is the record owner of a 2017 Prime Time Fury, with a Vehicle Identification Number ("VIN") 5ZT2FHUB0HG200234 (the "Vehicle"), by virtue of a Title Lien Statement issued on or about September 15, 2016. A true and accurate copy of the Vehicle's Lien and Title Information Report is attached hereto as Exhibit A.

4. M&T has a first priority lien on the Vehicle by virtue of a Retail Installment Contract and Security Agreement ("Agreement") executed between the Debtor and M&T on or about September 2, 2016. A copy of the Retail Installment Contract and Security Agreement is attached hereto as Exhibit B.

5. Debtor's stated intention is to surrender the Vehicle (Doc. 6, pg. 42) and the Vehicle is currently in M&T's possession, having been repossessed with permission from the Debtor and his attorney.

6. As of December 28, 2020, Debtor's account with M&T remains past due, with a total payoff amount including accrued interest charges of $35,450.65.

7. The Debtor's last monthly payment of $379.86 was made on February 27, 2020.

8. His next payment was not due until June 2, 2020, and he has not made any payments since that due date, making him eight payments in arrears. The total arrearage due as of December 28, 2020 is $2,613.14.

9. Debtor is in default under the Agreement for failure to make required payments.

10. Debtor is in default under the Agreement because Debtor filed for Chapter 7 Bankruptcy.

11. The estimated value of the Vehicle is $27,850.00 pursuant to NADA.

12. M&T wishes to exercise its right to resell the Vehicle, based upon its first priority lien and secured interest in the Vehicle, and the absence of any other valid liens or interests in the Vehicle.

13. The Vehicle does not serve any purpose in Bankruptcy.

14. M&T's interests are not adequately protected, insofar as the vehicle cannot be sold for as much as Debtor's total account payoff amount.

15. If M&T is not permitted to proceed with resale of the Vehicle, M&T will suffer irreparable injury, loss, and damage, including because the Vehicle continues to depreciate until resold.

16. Accordingly, M&T is entitled to relief from the automatic stay under 11 U.S.C. § 362 because the Vehicle is not necessary for effective continuation of the bankruptcy proceedings.

17. The automatic stay imposed by 11 U.S.C. § 362(a) should be terminated and annulled as to the Vehicle and any proceeds thereof, including without limitation, any insurance payable by reason of loss or damage to the Property, effective immediately upon the entry of the order, to allow M&T to exercise all of its rights and remedies at law or in equity, under the Agreement, and all other applicable

documents, including without limitation, realization of all other rights available under the Agreement documents with respect to the secured collateral.

18. In addition, M&T requests the Court to order that the stay provided for under Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure be waived, as continued depreciation of the Vehicle will further limit M&T's recovery of its secured interest and the Debtor have already surrendered the Vehicle.

19. Alternatively, if the stay is not vacated to permit M&T to resell the Vehicle as aforesaid, then M&T requests the Court to order Debtor to provide immediate adequate protection to M&T to protect the Vehicle.

WHEREFORE, M&T Bank prays for the relief set forth above.

Respectfully submitted,

/s/Rachel B. Ommerman
Rachel B. Ommerman, P*ro Hac Vice*
15280 Metcalf Avenue
Overland Park, Kansas 66223
P: (913)649-1555
F: (913)652-9474
rommerman@bermanrabin.com
Attorney for M&T Bank

## CERTIFICATE OF MAILING

I hereby certify that on January 19, 2021 the above and foregoing Motion for Relief From Stay, or Alternatively, For Adequate Protection was filed with the Court via CM/ECF, and that a true and correct copy was sent via U.S. First Class Mail to the following:

Clint Austin Lovette
3350 Rosemary Lane
Birmingham, AL 35216
DEBTOR

C Taylor Crocket
2067 Columbiana Road

Birmingham, AL 35216
ATTORNEY FOR DEBTOR

Thomas E. Reynolds
Reynolds Legal Solutions, LLC
300 Richard Arrington Jr. Blvd N
Suite 503
Birmingham, AL 35203
TRUSTEE

Frederick Mott Garfield
Spain & Gillon, LLC
505 North 20th Street, Suite 1200
Birmingham, AL 35203
ATTORNEY FOR THE TRUSTEE

   /s/Rachel B. Ommerman
Rachel B. Ommerman, *pro hac vice*
15280 Metcalf Avenue
Overland Park, Kansas 66223
P: (913)649-1555
F: (913)652-9474
rommerman@bermanrabin.com
Attorney for M&T Bank