# IN THE UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ALABAMA
# BIRMINGHAM DIVISION

| | | |
|---|---|---|
| **IN RE:** | ) | Case No. 20-01740-DSC7 |
| | ) | |
| **CLINT AUSTIN LOVETTE,** | ) | Chapter 7 |
| | ) | |
| | ) | |
| **Debtor.** | ) | Judge D. Sims Crawford |

## AGREED ORDER FOR RELIEF FROM STAY

IN CONSIDERATION OF Creditor M&T Bank's ("M&T") Motion for Relief From Stay, or Alternatively, for Adequate Protection (Document No. 108), filed on January 19, 2021, the Trustee and Debtor's Attorney have agreed to this Motion, and the Parties agree as follows:

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. M&T filed its Motion for Relief From Stay, or Alternatively, for Adequate Protection (Document No. 108), on January 19, 2021 (The "Motion").

3. M&T's Motion includes a request that the stay provided for under Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure be waived.

4. Debtor is the record owner of a 2017 Prime Time Fury, with a Vehicle Identification Number ("VIN") 5ZT2FHUB0HG200234 (the "Vehicle"), by virtue of a Title Lien Statement issued on or about September 15, 2016.

5. M&T has a first priority lien on the Vehicle by virtue of a Retail Installment Contract and Security Agreement ("Agreement") executed between the Debtor and M&T on or about September 2, 2016.

6. The Vehicle is currently in M&T's possession. Debtor's stated intention was to surrender the vehicle. (Doc. 6, Pg. 42).

7. As of December 28, 2020, Debtor's account with M&T remains past due, with a total payoff amount including accrued interest charges of $35,450.65.

8. The Debtor's last monthly payment of $379.86 was made on February 27, 2020.

9. His next payment was not due until June 2, 2020, and he has not made any payments since that due date, making him eight payments in arrears. The total arrearage due as of December 28, 2020 is $2,613.14.

10. The Debtor has no equity in the Vehicle and it does not serve any purpose in Bankruptcy.

11. M&T's interests are not adequately protected, and if M&T is not permitted to proceed with resale of the Vehicle, M&T will suffer irreparable injury, loss, and damage, including because the Vehicle continues to depreciate until resold.

12. Accordingly, M&T is entitled to relief from the automatic stay under 11 U.S.C. § 362.

THEREFORE, the automatic stay imposed by 11 U.S.C. § 362(a) is terminated and annulled as to the Vehicle and any proceeds thereof, including without limitation, any insurance payable by reason of loss or damage to the Vehicle, effective immediately upon the entry of the order pursuant to waiver of the stay provided for under Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.

IT IS SO ORDERED.

Dated: February 8, 2021  /s/ D. Sims Crawford
D. SIMS CRAWFORD
United States Bankruptcy Judge

Prepared & Submitted By:

 /s/Rachel B. Ommerman
Rachel B. Ommerman, *Pro Hac Vice*
15280 Metcalf Avenue
Overland Park, Kansas 66223
 (913)649-1555
 (913)652-9474 Fax
rommerman@bermanrabin.com

Attorney for M&T Bank

Consented to by:

/s/ C. Taylor Crocket (with permission)
C Taylor Crocket # ASB 0477 E61C AL
2067 Columbiana Road
Birmingham, AL 35216
P: (205) 978-3550
F: (205) 978-3556
taylor@taylorcrockett.com
ATTORNEY FOR DEBTOR


/s/ Thomas E. Reynolds (with permission)
Thomas E. Reynolds, Trustee
Reynolds Legal Solutions, LLC
300 Richard Arrington Jr. Blvd N
Suite 503
Birmingham, AL 35203
ter@reynoldslegalsolutions.com
Trustee